# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| YALANDA C. KELLY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HARRIS & HARRIS, LTD.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:20-cv-10929<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes YALADA C. KELLY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of HARRIS & HARRIS, LTD. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28

1

U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 40 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Detroit, Michigan, which lies within the Eastern District of Michigan.

5. Defendant is a third party debt collector operating out of Chicago, Illinois. Defendant is a limited company incorporated under the laws of the state of Illinois with its principal place of business located at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant actions arises out of Defendant's attempts to collect upon a consumer debt ("subject debt") said to be owed by Plaintiff.

9. The subject debt stems from Plaintiff's purported past due payments on medical bills she incurred in connection with receiving emergency medical services.

10. On or about March 25, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

11. The collection letter represented that Plaintiff owed approximately $466.10 in connection with the subject debt.

12. However, Plaintiff became confused by Defendant's demand for payment, since she was under the impression her insurance provider had already addressed the subject debt.

13. Upon receiving Defendant's collection letter, Plaintiff contacted her insurance provider, Total Health Care ("THC"), to inquire about why she was being contacted in connection with the subject debt.

14. After speaking with THC, Plaintiff was informed that THC had already made full payment on the subject debt and that Plaintiff should not be getting collection letters attempting to collect upon the subject debt.

15. Plaintiff then contacted Defendant regarding the collection letter.

16. Plaintiff informed Defendant that her insurance paid that bill and that she did not owe it.

17. In response, Defendant advised that her insurance did not pay the bill, further demanding Plaintiff make payment.

18. Frustrated and confused over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, being subjected to unnecessary collection efforts, as well as a violation of her state and federally protected interests – interests which were put at a material risk of harm stemming from Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692e

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated §1692e, e(2), and e(10) when it attempted to collect upon a debt which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, both in the collection letter and during the phone call between the parties, even though Plaintiff's insurance had already fully addressed the subject debt. One of the core purposes of the FDCPA is to prevent and restrain debt collectors from attempting to collect debts which have already been paid, underscoring how Defendant's conduct posed a material risk of harm to Plaintiff interests provided to her under the FDCPA.

28. Defendant further violated § 1692e and e(10) in connection with its representation that Plaintiff's insurer did not pay the subject debt. Defendant engaged in this false, deceptive, and misleading representation in order to compel Plaintiff to address the subject debt, on which she had no ultimate liability.

5

### b. Violations of FDCPA §1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt which Plaintiff did not owe. It was unfair for Defendant to attempt to collect the subject debt from Plaintiff, and similarly unfair for Defendant to ignore Plaintiff's information that the subject debt had been addressed through insurance. Defendant engaged in this conduct in an unfair attempt to extract payment from Plaintiff even though she did not owe the debt serving as the basis of Defendant's collection efforts.

31. As pled in paragraphs 18-19, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, YALANADA C. KELLY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

34. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

35. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

**a. Violations of M.C.L. § 339.915(f)(ii)**

36. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

37. Defendant violated M.C.L. § 339.915(f)(ii) through its representation that the subject debt was due and owing by Plaintiff. Defendant's misrepresented the extent to which Defendant and the original creditor of the subject debt had a legal right to

7

collect the subject debt from Plaintiff, when in fact the subject debt had been addressed by Plaintiff's insurance.

### b. Violations of M.C.L. § 339.915(q)

38. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

39. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Upon information and belief, Defendant lacks any procedures designed to insure that, upon a debt being placed with it for collection, insurance has not already taken care of the balance sought to be collected.

WHEREFORE, Plaintiff, YALANDA C. KELLY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 13, 2020                                     Respectfully submitted,

<u>s/ Ahmad T. Sulaiman</u>
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

<u>s/ Taxiarchis Hatzidimitriadis</u>
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)

thatz@sulaimanlaw.com

10